UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT DARYL ROLLINS,       )
                            )
        Petitioner,          )
                            )
    v.                       )    Case No. 15-1304
                            )
JEFF E. KRUEGER, Warden,     )
                            )
        Respondent.          )

# O R D E R

This matter is now before the Court on Petitioner, Robert Daryl Rollis' ("Rollins"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, his Petition [1] is DISMISSED.

## FACTUAL BACKGROUND

Following a jury trial, Rollins was found guilty of four counts of bank robbery and four counts of using or carrying a firearm in relation to a crime of violence in the United States District Court for the Northern District of Illinois. He was sentenced to an aggregate sentence of approximately 106 years, consisting of 78 months' imprisonment for each bank robbery conviction to run concurrently to each other and 25 years' imprisonment on each of the firearm convictions to run consecutively to each other and to the sentences on the bank robbery convictions. On appeal, his conviction and sentence were affirmed by the Seventh Circuit Court of Appeals.

Rollins pursued a motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois in 2003, arguing: (1) he received ineffective assistance of counsel; (2) the court erred in denying his pro se motion to dismiss; (3) the government suborned perjury; (4)

the evidence at trial was insufficient to support his convictions; and (5) the prosecutor committed misconduct. The Motion was denied. A second § 2255 motion was dismissed in 2009.

Rollins then brought a petition pursuant to § 2241 claiming that he was denied effective assistance of counsel and received an excessive sentence for his firearms convictions. His petition was dismissed for lack of jurisdiction after the Court found that he had failed to satisfy the requirements of In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

Rollins has now brought this petition pursuant to § 2241 claiming that the Supreme Court decisions in *United States v. O'Brien*, 560 U.S. 218 (2010), and *Castillo v. United States*, 530 U.S. 120 (2000), entitle him to relief because the type of weapon must be proven to the jury; without the § 924(c) conviction, he would not have the excessive, consecutive sentences. He also challenges a typo in his Judgment & Commitment Order, where the statute is cited as 18 U.S.C. § 924(c)(1)(a)(ii) rather than 18 U.S.C. § 924(c)(1)(A)(ii), claiming that he was convicted of an offense that does not exist. This Order follows.

DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Rollins does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to resentence him. Accordingly, this Petition involves a collateral attack on Rollins' conviction, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, Rollins has previously pursued §

2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. In this respect, Rollins attempts to rely on *O'Brien* and *Castillo* as new changes in the law. However, *Castillo*, decided in 2000, was available to Rollins at the time he filed his initial § 2255 motion, and *O'Brien* did not announce a new rule of law, because the Supreme Court expressly noted that its statutory analysis was controlled by, and identical to, the analysis in *Castillo*. Section 2255 was not inadequate or ineffective in this respect.

Rollins also has an adequate remedy for his complaint about the alleged typo in his Judgment & Conviction Order. Fed. R. Crim. P. 36 allows a sentencing court to correct a clerical error in a judgment at any time.

Finally, he objects to the consecutive nature of his sentences on the § 924(c) convictions, which is mandated by 18 U.S.C. § 924(c)(1)(C). A defendant sentenced on multiple § 924(c) convictions is subject to consecutive, mandatory minimum sentences for each of the convictions. *Deal v. United States*, 508 U.S. 129, 130 (1993); *United States v. Robles*, 709 F.2d 98, 100-101 (2nd Cir. 2013), *citing Abbott v. United States*, 131 S.Ct. 18, 23 (2010); *United States v. Major*, 676 F.3d 803, 812 (9th Cir. 2012); *United States v. Bowers*, 638 F.3d 616, 620 (8th Cir. 2011).

It is therefore unclear how Rollins allegedly had "no reasonable opportunity to obtain earlier judicial correction of the purported defects." Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of his conviction and sentence. Accordingly, Rollins' § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in <u>Davenport</u>, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, Rollins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 27th day of October, 2015.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge